In the Matter of GRUMMAN AIRCRAFT ENGINEERING CORP., Petitioner, against THOMAS J. DANOWSKI et al., Constituting the Board of Assessors of the Town of Riverhead, Respondents.

Supreme Court, Special Term, Suffolk County, June 27, 1955.

*Charles Kingsley* for petitioner.

*Reginald C. Smith* for respondents.

COLDEN, J.   The board of assessors of the Town of Riverhead, under date of June 14, 1955, issued subpœnas to Louis A. Swirbul, William T. Schwendler and E. Clinton Towl, requiring them to appear before said board of assessors to be examined under oath concerning the valuation to be placed upon the interest of Grumman Aircraft Engineering Corporation, hereinafter referred to as " Grumman ", in a certain facility described and referred to as Peconic River Plant, located near Calverton in the town of Riverhead, Suffolk County, New York. The persons named in the subpœnas now seek an order vacating and quashing the said subpœnas and the subpœnas to attend and bring records.   The same relief is sought with reference to a subpœna and a subpœna to attend and bring records served upon " Grumman " on June 16, 1955.

E. Clinton Towl, above-named, is an officer of said " Grumman " and administrative vice-president thereof.   He challenges the authority of the board of assessors of the Town of Riverhead to issue the subpœnas and further asserts in his affidavit that " Deponent's position is that Grumman Aircraft Engineering Corporation has no taxable interest in the Peconic River Plant as a matter of law and no inquiry should be permitted to establish a value for something which does not exist ".

It is conceded by the respondent-assessors that the plant occupied by " Grumman " was created by the United States of America and that the title to the land is held by the Government.   The valuation desired by the assessors is the " interest " of the corporation in the property by reason of an agreement which the corporation has with the United States of America. It is provided in subdivision 17 of section 4 of the Tax Law that any such interest " shall be assessed and taxed in the same manner as if said corporation * * * held the legal title to such property ".

Section 20 of the Tax Law requires the assessors to "ascertain by diligent inquiry all of the real property" taxable in their district. The contract between Grumman and the Government contains twenty-eight pages and provides, among other things, that "Grumman" has a limited option to buy. It provides that "Grumman" at its own expense shall create improvements while in possession under the contract to the extent of not less than $1,000,000. The subpœnas and the answering affidavits of the assessors disclose an extraordinary task to be performed by the assessors in fixing the amount of the interest of this corporation in the property pursuant to the Tax Law.

Section 21 of the Tax Law provides that the assessors "*shall* prepare an assessment-roll*" (emphasis supplied) in this unusual situation. The examination of the physical structures on the property and the appraisal of the land itself would be little help in determining the assessable interest, if any there be, under subdivision 17 of section 4.

Section 406 of the Civil Practice Act provides that when a board is authorized by law to determine a matter or "to do any other act in an official capacity, in relation to which proof *may* be taken, or the attendance of a person as a witness may be required * * * a subpœna may be issued * * * under the hand of * * * the chairman or a majority of the board * * * requiring the person to attend". The assessors not only have the authority to determine this question but by the provisions of the Tax Law it appears that they must do so.

The absence of direct authority in the Tax Law or in the Town Law relating to the assessment of land or the powers of town officers should not and does not prevent the exercise of authority necessarily implied.

In *Matter of Reynolds* v. *Triborough Bridge & Tunnel Auth.* (276 App. Div. 388) the action of that Authority in dismissing an employee for misconduct was the subject of review by the Appellate Division, First Department. The corporation counsel urged in his brief that the reason he did not call eyewitnesses was that he had no power to subpœna or compel outside persons to testify. The court rejected the proposition and held that under section 22 of the Civil Service Law and section 553 of the Public Authorities Law (Triborough Bridge and Tunnel Authority Act), the Authority was authorized to hold the hearing and the provisions of section 406 of the Civil Practice Act were available to the Authority for the purpose of issuing a subpœna.

When following the *Reynolds* case, Mr. Justice McNally, in *Matter of Costello* (*Kreutzer*) (202 Misc. 51, 56) said: " The *Reynolds* case demonstrates that the subpœna power can rest on section 406 of the Civil Practice Act, when it appears that the doing of an official act requires the taking of testimony."

The assessors of the Town of Riverhead have demonstrated to the satisfaction of the court that *in this instance* the doing of their official act requires the taking of the testimony sought from " Grumman ".

And so we find in this case that the power of the assessors to make the diligent inquiry, the power to prepare an assessment roll, particularily in unusual and difficult situations as is found here " carries with it the implied power to hear the case on competent evidence and, if necessary, to get the aid of a court of law in procuring the attendance of necessary witnesses." (*Matter of Reynolds* v. *Triborough Bridge & Tunnel Auth., supra,* p. 392.)

The taxpayers and residents of the Town of Riverhead have the financial burden of furnishing police protection, road maintenance and other governmental facilities to " Grumman ". By reason of Federal ownership it is suggested that " Grumman " is relieved from sharing in this burden. Certain it is that if " Grumman " is possessed of a taxable interest it should be disclosed.

The motion to vacate and quash is denied and the movants are directed to obey said subpœnas by attending and appearing before the board of assessors of the Town of Riverhead with the books, records and papers described in said subpœnas at the town hall, No. 220 Roanoke Avenue, Riverhead, New York, at ten-thirty o'clock in the forenoon on the 28th day of June, 1955, and then and there submit to an examination under oath concerning the valuation of the interest referred to, and to attend on such other times as the board of assessors may designate.

Submit order.